UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH MORA, et al., <br><br>    Plaintiffs, <br><br>    v. <br><br>UNITED STATES OF AMERICA, <br><br>    Defendant. | Case No. 15-cv-00417-JSC <br><br>**ORDER OF DISMISSAL** |

    Plaintiffs Elizabeth Mora and Hector Ortega ("Plaintiffs") bring this negligence and medical negligence action against the United States ("Defendant") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, arising out of their misdiagnosis of gonorrhea at the Brookside Community Health Center. (Dkt. No. 1.) On June 11, 2015, the Court dismissed Plaintiffs' complaint for failure to state a claim and ordered Plaintiffs to file an amended complaint within 30 days. (Dkt. No. 24.) That deadline was extended several times by stipulation of the parties because Plaintiffs' counsel withdrew due to an ethical conflict and Plaintiffs were searching for substitute counsel. (*See* Dkt. Nos. 26, 28, 30.) Ultimately, Plaintiffs' deadline to amend the complaint was August 27, 2015. (Dkt. No. 30.) In the meantime, the parties' mediation deadline was vacated because Plaintiffs could not move forward with discovery necessary for fruitful mediation without counsel. (Dkt. No. 32.) By September 21, 2015, Defendant filed an individual case management statement stating that Plaintiffs had failed to respond to their attempts to obtain their input in completing a joint report and requesting that the Court close this case. (Dkt. No. 38.) When Plaintiffs, then proceeding pro se, still failed to file an amended complaint by the end of September 2015, the Court issued an Order to Show Cause ("OSC") directing Plaintiffs to show cause why this action should not be dismissed pursuant to

Federal Rule of Civil Procedure 41(b). Specifically, the Court ordered Plaintiffs to explain their failure to file an amended complaint by the deadline and their failure to submit a joint case management conference statement, and ordered Plaintiffs to file an amended complaint by October 15, 2015. Plaintiffs' show cause deadline has come and gone, and as of the date of this Order, Plaintiffs have neither filed an amended complaint nor responded to the OSC.

Pursuant to Federal Rule of Civil Procedure 41(b), the court may dismiss an action for failure to prosecute or to comply with a court order. *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a court may *sua sponte* dismiss an action pursuant to Rule 41(b)). In the Ninth Circuit, "when a plaintiff fails to amend a complaint after the [ ] judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order[.]" *Yourish v. Cal Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999). "In determining whether to dismiss a claim for . . . failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors strongly support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (internal quotation marks and citation omitted).

Here, four of the five *Pagtalunan* factors weigh in favor of dismissal. "The first two factors—the public interest in expeditious resolution of litigation and the Court's need to manage its docket—relate to the "efficient administration of judicial business for the benefit of all litigants with cases pending." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980). By failing to amend the complaint as the Court's order required, Plaintiffs have completely stalled this action. When plaintiffs fail to amend their pleading, courts find these two factors weigh strongly in favor of dismissal because the failure to amend "effectively clog[s] the Court's docket with an unpursued claim, diverting time and attention from other litigants who wish to pursue their actions." *Campbell v. Breen*, No. 14-cv-02169-JST, 2015 WL 295021, at *1

(N.D. Cal., Jan. 21, 2015).  So it is here.

Third, failure to dismiss the action would risk prejudice to the defendants.  Plaintiffs have been absent from this litigation for several months.  Any further extension will only serve to risk unreasonably delay the progress of the action, thereby prejudicing defendants, who are entitled to a prompt resolution of the allegations against them.  *See Yourish*, 191 F.3d at 991-92 (noting that "unreasonably delay" may constitute prejudice to defendant).  The Ninth Circuit has "related the risk of prejudice to the plaintiff's reason for defaulting."  *Pagtalunan*, 291 F.3d at 642.  Here, Plaintiffs have offered no explanation for their failure to file an amended complaint or respond to the OSC.  Thus, this factor weighs in favor of dismissal.

The fourth factor is the availability of less drastic sanctions.  The Court has already cautioned Plaintiffs that failure to file the amended complaint and then failure to respond to the OSC could result in dismissal of this action.  (Dkt. No. 39 at 2.)  Thus, the Court has fulfilled its "obligation to warn the plaintiff that dismissal is imminent."  *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992); *see also Ferdick v. Bonzelet*, 963 F.2s 1258, 1262 (9th Cir. 1992) ("A district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions] requirement.").

The last factor, which favors disposition on the merits, by definition weighs against dismissal.  *Pagtalunan*, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits.  Thus, this factor weighs against dismissal.").

Four of the five relevant factors weigh in favor of dismissing this action in its entirety, so dismissal is appropriate.  *Pagtalunan*, 291 F.3d at 43 (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal).

The parties have consented, pursuant to 28 U.S.C. § 636(c), to magistrate judge jurisdiction in this matter.  Accordingly, it is hereby ORDERED that Plaintiffs' Complaint is DISMISSED without prejudice.

**IT IS SO ORDERED.**

Dated: October 28, 2015

3

JACQUELINE SCOTT CORLEY
United States Magistrate Judge